UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NKOSI S. BROWN,

                 Plaintiff,

-against-

CONED SECURITY,

                 Defendant.

21-CV-2188 (CM)

ORDER OF DISMISSAL

---

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging that her brain has been hacked and Defendant "ConEd Security" "needs to black out the City for 5 minutes so that the signal will drop." (ECF 2, at 5.) She asks this Court to "mandate ConEd to turn off the power grid temporarily." (*Id.*)

    By order dated March 15, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint as frivolous.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## WARNING

Plaintiff has filed four other cases in this Court that were dismissed as frivolous or for lack of subject matter jurisdiction. *See, e.g.*, *Brown v. USA*, ECF 1:21-CV-1146, 4 (S.D.N.Y. Feb. 11, 2021) (dismissed as frivolous); *Brown v. Winfrey*, ECF 1:18-CV-10242, 4 (S.D.N.Y. Jan. 8, 2019) (same); *Brown v. USA*, ECF 1:18-CV-5503, 4 (S.D.N.Y. July 16, 2018) (same); *Brown v. Hampton*, ECF 1:17-CV-8166, 7 (S.D.N.Y. Dec. 12, 2017) (dismissed for lack of subject matter

jurisdiction). In light of Plaintiff's litigation history, this Court warns Plaintiff that further frivolous litigation in this Court will result in an order barring her from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is warned that further frivolous litigation in this Court will result in an order barring her from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  March 15, 2021
        New York, New York

_____
                    COLLEEN McMAHON
                    Chief United States District Judge